IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SUSIE M. WARD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-0762-L** |
| | § | |
| **CNH AMERICA, LLC, IND., CASE** | § | |
| **NEW HOLLAND AMERICA, LLC**, | § | |
| also known as Ford New Holland, **and** | § | |
| **SUN LIFE ASURANCE CO. OF** | § | |
| **CANADA,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the Motion for Summary Judgment by Defendants CNH America, LLC, Ind., & Case New Holland America, LLC., filed December 16, 2011 (Doc. 14); Plaintiff's Motion for Summary Judgment, filed December 16, 2011 (Doc. 18); Defendant Sun Life's Motion to Dismiss and for Summary Judgment, filed December 16, 2011 (Doc. 21); and Plaintiff's Motion for Leave to File Supplemental Pleading, filed January 19, 2012 (Doc. 36). Pursuant to 28 U.S.C. § 636(b), the court referred these motions to the magistrate judge on March 7, 2012. On June 7, 2012, the Findings, Conclusions, and Recommendation ("Report") of the magistrate judge were filed (Doc. 59). On June 19, 2012, Plaintiff's Objections to Magistrate Judge's Recommendations were filed (Doc. 60). Also before the court are Plaintiff's Motion to Strike Defendants' Responses to Plaintiff's Objections to Magistrate Judge's Recommendations, filed July 5, 2012 (Doc. 63) and Defendant Sun Life's Response to Plaintiff's Motion to Strike, and Alternatively, Motion for Enlargement of Time, filed July 11, 2012 (Doc. 67). For the

reasons that follow, the court accepts the Report of the magistrate judge and **dismisses** this action **with prejudice**.

## I. Factual and Procedural Background

Susie M. Ward ("Plaintiff" or "Ward") was an employee of CNH America, LLC's ("CNH") predecessor companies from 1965 to 1994. CNH provided its employees and retirees a welfare and retirement benefit plan (the "Plan"). CNH provided evidence that it is the Plan Sponsor, Administrator, and Policyholder. CNH also provided evidence that Sun Life Assurance Company of Canada ("Sun Life") has been the Plan's exclusive underwriter and claims adjuster since 2006, when it took over those duties from Aetna Insurance Company. In 1994, Plaintiff selected the Plan's Optional Dependent Group Term Life Insurance (the "Policy") for her then-husband, Bobby Shewmake ("Shewmake"). The Policy was part of the Plan. In 1997, Plaintiff and her husband divorced. Plaintiff avers that, after she and her husband divorced in 1997, she notified CNH of the divorce, and a CNH employee told her to continue to make the payments on Shewmake's life insurance, stating that "she [the CNH employee] would take care of everything." On November 16, 2009, Shewmake died, and on December 29, 2009, Ward signed the Death Benefits Claim Packet prepared by CNH, which was subsequently submitted to Sun Life, the underwriter of Plaintiff's insurance Plan. On December 31, 2009, Sun Life denied Plaintiff's claim because Shewmake was "not [Plaintiff's] spouse at the time of his death." On February 17, 2010, Sun Life again notified Ward that the claim was denied, stating that "as [Plaintiff] and Mr. Shewmake were granted a divorce on July 29, 2007, dependent coverage on Mr. Shewmake also ceased on that date."

On March 21, 2011, Plaintiff filed suit against Defendants CNH America, LLC, Ind., Case New Holland America, LLC, and Sun Life Assurance Company of Canada (collectively,

"Defendants") in the 298th Judicial District Court for Dallas County, Texas, alleging violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code, common law fraud, and negligent misrepresentation. Plaintiff seeks to recover the Plan benefits, as well as "multiple" and "exemplary" damages because Defendants allegedly made false statements and failed to provide certain documents. Defendants removed the state court action to this court on April 14, 2011, asserting that the Employee Retirement Income Security Act of 1974 ("ERISA"), *29 U.S.C. §§ 1001 et seq.*, completely preempted Plaintiffs' state law claims. Defendants also argued removal was proper because the court has diversity jurisdiction over this case. After the conclusion of the discovery period on December 2, 2011, all parties filed motions for summary judgment. The dispositive motions deadline was December 16, 2011, and the deadline for joinder of parties and amendment of pleadings was August 16, 2011.

## II. Magistrate Judge Toliver's Findings, Conclusions, and Recommendation

In her Report, Magistrate Judge Renee Harris Toliver recommended that Defendants' motions for summary judgment (Docs. 14, 21) be granted; Plaintiff's motion for summary judgment (Doc. 18) be denied; and Plaintiff's Motion for Leave to File Supplemental Pleading (Doc. 36) be denied.

In their respective motions for summary judgment, Defendants assert that they should be granted summary judgment because Plaintiff's state law claims are preempted by ERISA. In her response and cross motion for summary judgment, Plaintiff argues that her state law claims are not governed by ERISA because the Plan falls within ERISA's "safe harbor provision," and, thus, is not subject to ERISA preemption. Under ERISA's "safe harbor" exclusion, a plan is not an ERISA plan if: (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; *and*

(4) the employer received no profit from the plan. 29 C.F.R. §§ 2510.3-1(j)(1)-(4); *House v. American United Life Ins. Co.*, 499 F.3d 443, 449 (5th Cir. 2007). The plan must meet all four criteria to be exempt from ERISA. *House*, 499 F.3d at 449. The magistrate judge concluded that the Plan at issue is governed by ERISA because the summary judgment evidence established that at least two of the four required elements of ERISA's "safe harbor" exclusion are not met in this case. Particularly, the magistrate judge found that although CNH did not contribute to the Optional Dependent Group Term Life Insurance Policy in particular, it contributed to the overall Plan containing the Policy at issue. In addition, the magistrate judge found that the Plan did not fall within ERISA's "safe habor" exclusion because CNH's role was not limited to collecting premiums and remitting them to the insurer; rather, CNH maintained a benefits department that assisted participants with understanding the Plan and submitting the claims, gathered information for Sun Life, and coordinated CNH's open enrollment period for the Plan.

The magistrate judge concluded that because the Plan is governed by ERISA, and because Plaintiff's state law claims seek to recover life insurance benefits under the Plan, Plaintiff's state law claims are completely preempted. The magistrate judge further concluded that Plaintiff's state law claims seeking relief for Defendants' alleged failure to provide her with Plan documents and claims based on an alleged oral misrepresentation by a CNH employee, are also completely preempted. In her motion for summary judgment, Plaintiff argued that she is entitled to summary judgment because Defendants are barred from contesting Plaintiff's claim based on the "incontestability" clause in the Policy. The magistrate judge concluded that Plaintiff's argument is nothing more than a breach of contract claim that she failed to plead, and had Plaintiff pled breach of contract based on Defendants' violation of the Policy's

incontestability clause, such claim would be completely preempted by ERISA, as Plaintiff avers that Defendants should be barred from denying her benefits.

Based on her conclusion that all of Plaintiff's claims are preempted by ERISA, the magistrate judge has recommended that Defendants' motions for summary judgment be granted. Plaintiff has not objected to these findings or this recommendation. Ward only objects to the portion of the Report recommending the denial of Plaintiff's Motion for Leave to File Supplemental Pleading. Objections 2.

In Plaintiff's Motion for Leave to File Supplemental Pleading,[1] Ward requests that in the event that the court finds that her state law claims are preempted by ERISA that the court grant her leave to file a complaint to, in essence, restate her claims under ERISA. The magistrate judge determined that Plaintiff's motion to amend her pleadings is governed by Federal Rule of Civil Procedure 16 because Plaintiff filed her motion on January 19, 2012, well after the court's deadline of August 16, 2011, for the amendment of pleadings. Under Rule 16's requirement that a motion to amend only be granted on a showing of good cause and with the judge's consent, the magistrate judge analyzed: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.

The magistrate judge determined that the first factor weighed against Plaintiff because she has not provided a reasonable explanation for her failure to timely move for leave to amend. The Report explained that Plaintiff was aware of Defendants' contention that her claims were

---

[1] Although designated as Plaintiff's Motion for Leave to File Supplemental Pleading, Plaintiff's motion is really one to *amend* her pleading. Plaintiff's motion requests to recast her state law claims as ERISA claims. The factual bases for Plaintiff's state law claims and proposed ERISA claims existed at the time she filed her current pleading. A supplement sets forth facts or claims that arose after the date the current pleading was filed. Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.") Accordingly, the court will treat Plaintiff's Motion for Leave to File Supplemental Pleading as a motion for leave to amend.

**Memorandum Opinion and Order – Page 5**

preempted by ERISA since before this case was removed to this court and was cognizant of the facts upon which she now bases the ERISA claims in her proposed amended petition. The Report states that Plaintiff inexplicably waited until eight months after ERISA preemption was first pled by Defendants; seven months after her suit was removed to this court based on ERISA preemption; six months after the parties conferred on the issue of preemption; and five months after the court's deadline to amend pleadings was passed to seek leave to amend. The Report further explains that Plaintiff inexplicably rejected the well-established practice of pleading alternative theories of recovery in the event the court should determine the preemption issue in Defendants' favor.

Regarding factor two, the magistrate judge acknowledged the importance to Plaintiff of allowing leave to amend, but concluded it was outweighed by Plaintiff's lack of reasonable explanation for the delay in seeking leave to amend and the potential prejudice to Defendants caused by allowing such amendment at this stage of the proceedings. The magistrate judge concluded that allowing Plaintiff to file an amended complaint would necessitate additional avoidable costs, such as those for conducting additional discovery and again presenting dispositive motions to the court, and that a continuance would not cure such prejudice. Accordingly, the magistrate judge recommended that Plaintiff's Motion for Leave to File Supplemental Pleading (Doc. 36) be denied.

### III. Legal Standard

A magistrate judge may rule directly on a nondispositive pretrial motion. 28 U.S.C. § 636(b)(1)(A). A district court may modify or set aside these rulings only if they are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The "clearly erroneous" standard applies to the

magistrate judge's factual determinations. *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994). A magistrate judge's determination is "clearly erroneous" when, "although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 481 (N.D. Tex. 2001) (internal citation omitted). The "contrary to law" standard applies to the magistrate judge's legal conclusions. *Smith*, 154 F.R.D. at 665. The district court reviews a magistrate judge's legal conclusions *de novo*. *Id.*

### IV. Analysis

#### A. Plaintiff's Objections

Plaintiff objects to the following findings, conclusions, and recommendation stated in the Report:

1. Finding that Plaintiff has not provided a reasonable explanation for her failure to timely move to amend. Report 10.

2. Finding that allowing Plaintiff to belatedly amend her complaint would prejudice Defendants. Report 11.

3. Finding that the importance to Plaintiff of allowing leave to amend is outweighed by Plaintiff's lack of a reasonable explanation for the delay in seeking leave to amend and the potential prejudice to Defendants caused by allowing such amendment at this stage in the proceedings. Report 11.

4. "Failing" to consider and include a recommended finding on "the availability [o]f a continuance to cure such prejudice."

> **5.** Recommending that Plaintiff's Motion for Leave to File Supplemental Pleading (Doc. 36) be denied, and that this case be dismissed with prejudice. Report 12.

### B. Good Cause

Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order deadline has expired. *S&W Enterprises v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b)(4) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." It requires a party seeking relief "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* at 535 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). With respect to a request for post-deadline amendment, a party must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's decision to grant or deny leave to amend. *Id.* at 536. Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (citations and brackets omitted). The court's deadline for amendment of pleadings was August 16, 2011. Ward filed Plaintiff's Motion for Leave to File Supplemental Pleading (Doc. 36) on January 19, 2012, after the court's scheduling order deadline had expired. Thus, Rule 16(b) governs Plaintiff's motion. Therefore, the magistrate judge correctly decided that Rule 16 and its good cause requirement apply to the facts of this case.

### 1. Explanation for the Failure to Timely Move for Leave to Amend

Plaintiff argues that in reviewing ERISA case law, "the apparent procedural schedule is that claims of ERISA preemption, <u>when granted</u>, are accompanied with an Order granting leave to amend to allege ERISA claims, with an occasional exception if determined that the amendment if granted, would still be futile for certain specified reasons." Objections 3-4. Plaintiff contends that "ERISA's preemptive and civil enforcement provisions operate to 'recharacterize' [her] claims into actions arising under federal law." Objections 4 (citing *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 269 (5th Cir. 2004)). Plaintiff further argues that "[i]f and when defendant[s'] affirmative defense of ERISA preemption is sustained by this Court, 'recharacterizing' the state-law claims into federal claims, is the event that first triggers the need to amend. Until then the state-law claims remain viable as pled." Objections 4.

Plaintiff overstates the law. *Ellis* goes on to explain that "*for removal purposes*, ERISA's preemptive power recharacterized Ellis's state-law breach of contract claim as a claim arising under federal law, specifically ERISA." *Ellis*, 394 F.3d at 269 (emphasis added). When a case is removed to federal court and a subsequent motion to remand is filed or when a motion to dismiss is filed, upon determination that a plaintiff's claims are preempted by ERISA, courts typically allow the plaintiff to replead and assert the state law claims as ERISA claims. *See, e.g., Meyers v. Texas Health Res.*, 2009 WL 3756323, at * 8 (N.D. Tex. Nov. 9, 2009) ("When a claim, such as Meyers' breach of contract claim, is completely preempted under § 502, the proper course for a federal court is to hold that it has removal jurisdiction under § 502, dismiss all state-law claims that are preempted under ERISA §§ 502 and 514, and allow the plaintiff to replead any claims that are available under ERISA's civil enforcement remedy."); *Cardona v. Life Ins. Co. of North America*, 2009 WL 3199217, at *1, 9-10 (N.D. Tex. Oct. 7, 2009) (The

plaintiffs' motion to remand and defendant's motion to dismiss presented questions concerning diversity jurisdiction and ERISA preemption. The court denied the plaintiffs' motion to remand, granted in part and denied in part defendant's motion to dismiss, and allowed plaintiffs to replead to state claims under ERISA § 502(a)(1)(B)); *Ambulatory Infusion Therapy Specialists v. Aetna Life Ins. Co.*, 2006 WL 1663752, at *10 (S.D. Tex. June 13, 2006) (The defendant demonstrated that at least one of the plaintiff's claims was completely preempted by ERISA.  The court denied the plaintiff's motion to remand and allowed the plaintiff approximately two weeks to file an amended complaint to assert ERISA claims.)

Permission to replead to state ERISA claims is typically granted early on in the proceedings.  Plaintiffs, however, would have the court determine that amendment is appropriate at any stage of the proceedings depending on when the court makes a ruling, if any, on the issue of preemption.  Under this rationale, if no motion for summary judgment were filed, Plaintiff could wait until the eve of trial to seek to amend her pleadings to recast her state law claims as ERISA claims.  Plaintiff is, in essence, "lying behind the log."  A ruling was not necessitated at the removal stage because Defendants asserted diversity jurisdiction in addition to ERISA preemption as a basis for removal.   Plaintiff's actions do not exhibit the diligence required for leave to amend after a scheduling order deadline has expired.  *See S&W Enterprises*, 315 F.3d at 535 (Good cause requires a party seeking relief "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.").

Plaintiff cites in support of her argument *Ellis v. Liberty Life Assurance Company of Boston*, 394 F.3d 262, and *Adobati v. Guardian Life*, 213 F.3d 638, 2000 WL 554797 (5th Cir. 2000) (unpublished table decision).  The magistrate judge determined that both of these cases are readily distinguishable from the case at bar, as both were determined under Rule 15's less

stringent standard. The court agrees. This court reviewed the court's scheduling order in *Ellis v. Liberty Life Assurance Co. of Boston*, No. 4:01-cv-3963 (Doc. 8) (S.D. Tex. March 5, 2002), and it did not contain a deadline for amendment of pleadings.[2] On appeal, Liberty Life Assurance Company of Boston argued, *inter alia*, that the district court erred when it granted Ellis leave to amend her complaint to state an ERISA claim. After conducting an analysis under Rule 15, the court held that the district court did not abuse its discretion in granting Ellis leave to amend her complaint. The Fifth Circuit, however, has made it unequivocally clear that when a scheduling order deadline has expired, the Rule 16 analysis must precede the Rule 15 analysis. *See Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008) ("As to post-deadline amendment, a party must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend.") (citations and internal quotation marks omitted). As *Ellis* and *Adobati* were decided pursuant to Rule 15, they are not applicable to the facts and circumstances of this case. To follow such analyses, the court would have to ignore well established precedent. In any event, in *Ellis* the court only determined that the district court did not abuse its discretion in granting Ellis leave to amend her complaint. The court did not hold that in such circumstances leave to amend is necessary. The court also did not hold that because Ellis's state law claims were "recharacterized" as federal claims upon removal, leave to amend to assert ERISA claims is required.

Considering that Plaintiff was aware of Defendants' contention that her claims were preempted by ERISA before the case was removed to this court and that Plaintiff was fully aware of the facts upon which she now bases the ERISA claims in her proposed amended pleading, Plaintiff has not provided a reasonable explanation for the failure to timely move for leave to

---

[2] Pursuant to Rule 201(b)(2),(d) of the Federal Rules of Evidence, the court takes judicial notice of the Order Following Telephone Scheduling Conference Held On March 4, 2002 at 3:35 p.m. ("scheduling order") entered in *Ellis v. Liberty Life Assurance Company of Boston*, No. 4:01-cv-3963 (Doc. 8) (S.D. Tex. March 5, 2002).

**Memorandum Opinion and Order – Page 11**

amend. Plaintiff also has not shown that the magistrate judge's finding that Plaintiff has not provided a reasonable explanation for the failure to timely move for leave to amend was clearly erroneous or contrary to law.

Plaintiff further argues that her complaint could not have been filed by the August 16, 2011 scheduling order deadline for amended pleadings because she was not aware of all of the facts necessary to assert all of her ERISA claims at that time. On September 27, 2011, Ward's attorney served on CNH a discovery request calling for the Summary Plan Description ("SPD"). Ward argues that CNH failed to provide a complete copy of the SPD. Plaintiff's Reply (Doc. 68) 3. Ward, therefore, contends that CNH is liable to her for the daily penalty provided for by 29 U.S.C. § 1132(c) and 29 C.F.R. 2575.502c for every day after she requested the SPD and it was not provided. Ward argues that because these facts did not exist on August 16, 2011, the amended pleadings deadline, she cannot be faulted for not having pleaded her claim under section 1132(c)(1). Similarly, Plaintiff alleges that Sun Life, in its issued Policy, obligated itself to provide Certificates of Insurance for delivery by CNH to each employee, and such "Certificate" was never issued to Plaintiff. Plaintiff's Reply (Doc. 68) 4. Plaintiff states: "Though requested in discovery of both defendants in September 2011, it was not until March 15, 2012 that defendant CNH confirmed that "[t]here are no individual certificates issued in addition to the SPD's.'" Plaintiff's Reply (Doc. 68) 4.

The court determines that Plaintiff's argument is unavailing because she waited *until after the amended pleadings deadline to request documents relevant to her case.* Ward was well aware, at the time Defendants asserted ERISA preemption as a basis for removal that ERISA could govern her claims and that the SPD or Certificates of Insurance could be relevant. Moreover, Plaintiff makes clear in her filings with the court that the duty to provide these

documents arose well before her request in September. Plaintiff's state court petition alleges that "No policy, plan summary, or any other information describing the Sun Life policy was ever provided to Ward prior to her claim for benefits, by either CNH or by Sun Life." Petition (Doc. 2) ¶ 13. Plaintiff also states that the SPD was a "document which was required by ERISA to be provided to plan participants initially without a prerequisite request; and, thereafter, that a current copy being provided with 30 days of request, or become subject to a claim for a per diem penalty." Plaintiff's Reply (Doc. 68) 3.

### 2. Prejudice to Defendants

Plaintiff's objections 2, 3, and 4 relate to the prejudice to Defendants. As an initial matter, the court notes that the Report correctly acknowledged and assessed the importance of allowing Plaintiff leave to amend. *See* Report 11. ("While the Court acknowledges the importance to Plaintiff of allowing leave to amend, it is outweighed by Plaintiff's lack of a reasonable explanation for the delay in seeking leave to amend and the potential prejudice to Defendants caused by allowing such amendment at this stage of the proceedings.") The Report also correctly considered and assessed the availability of a continuance to cure the prejudice to Defendants. *See* Report 11 ("In addition to the expense already incurred by Defendants to defend against Plaintiff's claims . . . going forward on an amended complaint would necessitate additional and avoidable costs . . . [a]nd a continuance would not cure such prejudice.")

Plaintiff argues that Defendants will not be prejudiced by her supplemental pleading because they will still have the ability to respond to the proposed amended complaint. Further, Plaintiff asserts that she never gave any indication that she would abandon her claims against Defendants upon an adverse ruling regarding the issue of ERISA preemption. Plaintiff also asserts that additional discovery would not be necessitated by the filing of her supplemental

pleading because the supporting facts relied upon for her state court claims are the same for her proposed ERISA claims, with the exception of her claim for failure to provide the SPD upon request. Finally, Plaintiff asserts that there is no trial setting to prejudice Defendants as the trial setting was vacated by the court *sua sponte* on March 5, 2012.

Ward cites *Meaux Surface Protection, Inc. v. Fogleman,* 607 F.3d 161 (5th Cir. 2010), for the proposition that an amendment should be allowed under Rule 16 when disallowing the amendment would leave the plaintiff with no remaining theory of recovery. As in *Ellis*, however, *Meaux* holds only that the district court did not abuse its discretion in allowing the late amendment. *Meaux*, 607 F.3d at 167. *Meaux* does not stand for the proposition that the district court must allow an amendment when denying the amendment would leave the plaintiff with no theory of recovery. *Meaux* confirms that granting leave to amend, though guided by the factors set forth in *S&W Enterprises*, 315 F.3d 533, is in the court's discretion. *Id.* at 167. ("Because of the importance of the pre-trial order in achieving efficacy and expeditiousness upon trial in the district court, appellate courts are hesitant to interfere with the court's discretion in creating, enforcing, and modifying such orders.") The magistrate judge found that allowing Plaintiff to amend and assert ERISA claims would be prejudicial because it would necessitate additional and avoidable costs, such as those for conducting additional discovery and again presenting dispositive motions. While Plaintiff's arguments attempt to diminish the potential prejudice to Defendants, Plaintiff has not shown that the magistrate judge's findings with respect to prejudice were clearly erroneous or that her conclusions were contrary to law.

As Plaintiff has not demonstrated that the magistrate judge's findings were clearly erroneous or that her conclusions were contrary to law, the court **overrules** Plaintiff's objections.

Moreover, the court determines that Plaintiff has not demonstrated the diligence required for leave to amend once a scheduling order deadline has expired.

## V. Plaintiff's Motion to Strike Defendants' Responses to Plaintiff's Objections

Ward filed Plaintiff's Motion to Strike Defendants' Responses to Plaintiff's Objections to Magistrate Judge's Recommendations on July 5, 2012 (Doc. 63), asserting that Defendants' responses to her objections were not timely filed because they were not filed within 14 days after being served a copy of the objections as required by Federal Rule of Civil Procedure 72(b)(2). Plaintiff filed her objections on June 19, 2012. Defendant Sun Life filed its response on July 4, 2012, 15 days after Plaintiff's objections were filed; and Defendant CNH filed its response on July 5, 2012, 16 days after Plaintiffs objections were filed.

A motion for leave to amend is a nondispositive matter. Local Rule 72.1 governing "Briefing Practice Concerning Objections to Magistrate Judge Orders in Nondispositive Matters," states: "A response brief to objections filed under Fed. R. Civ. P. 72(a) must comply with LR 7.2 and be filed within 21 days from the date the objections are filed." Plaintiff has only objected to the magistrate judge's Report with respect to her motion for leave to amend, a nondispositive matter. Thus, 21 days is the applicable timeline. As Defendants both filed their responses within 21 days of Plaintiff's objections, their responses are timely. Moreover, Plaintiff has not demonstrated that she suffered any prejudice from the alleged late-filed responses, as she filed a reply to the responses to her objections. Accordingly, the court will deny Plaintiff's Motion to Strike Defendants' Responses to Plaintiff's Objections to Magistrate Judge's Recommendations (Doc. 63) and deny as moot Defendant Sun Life's Response to Plaintiff's Motion to Strike, and Alternatively, Motion for Enlargement of Time, filed July 11, 2012 (Doc. 67).

## VI. Conclusion

After reviewing the pleadings, record in this case, applicable law, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct and **accepts** them as those of the court.  The court therefore **grants** the Motion for Summary Judgment by Defendants CNH America, LLC, Ind., & Case New Holland America, LLC., filed December 16, 2011 (Doc. 14); and Defendant Sun Life's Motion to Dismiss and for Summary Judgment, filed December 16, 2011 (Doc. 21).  The court **denies** Plaintiff's Motion for Summary Judgment, filed December 16, 2011 (Doc. 18); and Plaintiff's Motion for Leave to File Supplemental Pleading, filed January 19, 2012 (Doc. 36).  The court also **denies** Plaintiff's Motion to Strike Defendants' Responses to Plaintiff's Objections to Magistrate Judge's Recommendations, filed July 5, 2012 (Doc. 63); and **denies as moot** Defendant Sun Life's Response to Plaintiff's Motion to Strike, and Alternatively, Motion for Enlargement of Time, filed July 11, 2012 (Doc. 67).  The court **dismisses** this action **with prejudice.**

**It is so ordered** this 27th day of July, 2012.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge